UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
(MIAMI, DIVISION)

In re:                                              :         CASE NO.: 15-32335-AJC
                                                    :
LISANDRA G. BARZAGA,                                :         CHAPTER 7
                                                    :
    Debtor.                                         :
_____/

### MOTION TO APPROVE STIPULATION TO COMPROMISE CONTROVERSY

COMES NOW, Robert A. Angueira (hereinafter "the Trustee"), and files this Motion to Approve Stipulation to Compromise Controversy in the above-styled case, and states as follows:

1.  The Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code on December 31, 2015 (the "***Petition Date***").

2.  Robert A. Angueira is the duly appointed Chapter 7 Trustee.

3.  On Schedule A/B, Part 3, Line 6, the Debtor listed Household Goods and Furnishings with an aggregate value of $2,500.00 (the "***Household Goods and Furnishings***"), and the Trustee believes these asset are under-valued by approximately $6,000.00.

4.  The Debtor received a Federal Income Tax Refund for tax year 2015 of $6,053.00 which includes the period through the Petition Date (the "***Refund***").

5.  The Household Goods and Furnishings and the Refund shall be collectively referred to as the "***Property***".

6.  The Debtor has claimed a portion of the Property as exempt.

7.  The Trustee filed an Objection to Debtor's Claim of Exemptions ("***Objection to Claimed Exemptions***") on March 25, 2016 [D.E. #41].

8.  The Trustee filed a Motion for Turnover of Property (Pro-Rated Portion of 2015 Income Tax Refund) ("***Motion for Turnover***") on March 25, 2016 [D.E. #43].

9. Based on the testimony during the §341 Meeting of Creditors, the Rule 2004 Examination of the Debtor, a review of the documents provided to the Trustee and other relevant information, the Trustee asserts that a portion of the Property may be undervalued and in excess of the allowed exemptions.

10. The Debtor denies and/or disputes some of the allegations noted above.

11. In an effort to avoid the high cost and uncertainties of litigation, the parties desire to settle all the matters in this case and have all signed the Stipulation to Compromise Controversy that is enclosed as Exhibit "1".

12. Under the terms of the Stipulation, the Debtor will pay the Trustee a total sum of $6,000.00 to be paid in twelve (12) equal monthly payments of $500.00 to be made on the 18th day of each month starting on May 18, 2016 and ending on April 18, 2017.

13. The payments will be by cashier's check or money orders made payable to the order of Robert A. Angueira, Trustee and mailed to the Trustee's office at: 6495 S.W. 24th Street, Miami, Fl. 33155. Each cashier's check or money order should clearly state the name of the Debtor and the case number.

14. As part of this Settlement, the Debtor agrees that the Trustee may file an Agreed Motion to extend the deadline to Object to Discharge to ensure that this Settlement is approved before such deadline expires.

15. As part of this Settlement, the Trustee will prepare and submit an Agreed Order denying the pending Objection to Claim of Exemptions [D.E. #41] as Moot.

16. As part of this Settlement, the Trustee will prepare and submit an Agreed Order denying the pending Motion for Turnover [D.E. #43] as Moot.

17. As part of this Settlement, the Debtor represents and warrants that: (1) all

information contained in the Debtor's Bankruptcy Petition, Schedules, SOFA, and all amendments thereto (collectively, the "Pleadings"), is true and correct, (2) the Pleadings contain no misrepresentations or omissions, (3) all information and documentation provided to the Trustee (collectively, the "Documents"), are true and correct and (4) the Documents contain no misrepresentations or omissions. To the extent that the Debtor has failed to disclose any assets, this Stipulation shall not affect the Estate's right to seek turnover of such assets or to avail itself of the remedies provided under the Bankruptcy Code.

18. If the Debtor complies with all the terms of this Stipulation, she will keep all the real and personal property listed on the Bankruptcy Schedules unless it was her intent to surrender such property.

19. If the Debtor complies with all the terms of this Stipulation, the Trustee will not seek turnover of the above referenced Property.

20. If the Debtor complies with all the terms of this Stipulation, the Trustee will not object to the granting of a discharge to the Debtor.

21. If the Debtor complies with all the terms of this Stipulation, the Trustee will not pursue any of the potential preference actions that may exist in this case.

22. This Stipulation resolves all issues between the Trustee, and Debtor regarding Debtor's over-exempt assets, claimed exemptions and any insiders and third parties for alleged preferential or fraudulent transfers and is a global settlement of all matters between the parties.

23. If the Debtor fails to timely make any of the payments described in paragraph 12, then after ten (10) days written notice faxed or mailed to the Debtor and the Debtor's counsel, the Trustee would be entitled to file a Motion and request a hearing seeking to revoke the Debtor's bankruptcy discharge without any objections from the Debtor.

24. In the event that the Debtor fails to comply with all the terms of this Stipulation, or should any of the Debtor's representations and warranties contained herein be untrue, then the Trustee may proceed against any and all assets of the Debtor including, but not limited to, the Property the Debtor has claimed as exempt for the remainder of the amount due and owing as set forth herein. In addition, the Trustee shall be entitled to interest, which shall accrue at 5% rate, attorneys' fees and costs. Pursuant to the terms stated herein, and the provisions of 11 U.S.C. §727(a)(10), the Debtor agrees to waive any procedural requirements prior to the entry of an order revoking discharge. However, the Debtor's discharge will not be revoked without a hearing.

25. Rule 9019(a) of the Federal Rules of Bankruptcy Procedure provides: "On motion by the trustee and after a hearing on notice to creditors, the debtor . . . and to such other entities as the court may designate, the court may approve a compromise or settlement."

26. "[A]pproval of a settlement in a bankruptcy proceeding is within the sound discretion of the Court, and will not be disturbed or modified on appeal unless approval or disapproval is an abuse of discretion." *In re Arrow Air, Inc.*, 85 B.R. 886, 891 (Bankr. S.D. Fla. 1988)(Cristol, J.) (citing *Rivercity v. Herpel (In re Jackson Brewing Co.)*, 624 F.2d 599, 602-03 (5th Cir. 1980); *Anaconda-Ericsson, Inc. v. Hessen (In re Teltronics Servs., Inc.)*, 762 F.2d 185, 189 (2d Cir. 1985); *In re Prudence Co.*, 98 F.2d 559 (2d Cir. 1938), cert. denied, 306 U.S. 636 (1939). The test is whether the proposed settlement "falls below the `lowest point in the range of reasonableness.'" *Arrow Air*, 85 B.R. at 891 (quoting *Teltronics Servs.*, 762 F.2d at 189; *Cosoff v. Rodman (In re W. T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir.), cert. denied, 464 U.S. 822 (1983).

27. Based on the specific facts and circumstances of this case, the Trustee has

4

Case No.: 15-32335-AJC

determined that $6,000.00 would be a reasonable settlement amount in this case. The Trustee respectfully submits that application of these principles leads to the conclusion that the Stipulation, enclosed as Exhibit "1", should be approved with the Court retaining jurisdiction to enforce the terms of the settlement.

28.    Pursuant to Local Rule 9013-1(D), a copy of the proposed Order is attached hereto as Exhibit 2.

**WHEREFORE**, the Trustee respectfully requests the entry of an Order (a) granting this motion; (b) approving the stipulation to compromise controversy with the Debtor; (c) granting such other and further relief as this Court deems appropriate.

Respectfully submitted this 26th day of April, 2016.

ROBERT A. ANGUEIRA, P.A.
6495 S.W. 24th Street
Miami, Florida 33155
Tel. (305) 263-3328
Fax (305) 263-6335
e-mail yanay@rabankruptcy.com

By _____
     YANAY GALBAN
     Florida Bar No. 0105146

5

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
(MIAMI, DIVISION)

| | | |
|---|---|---|
| In re: | : | CASE NO.: 15-32335-AJC |
| | : | |
| LISANDRA G. BARZAGA, | : | CHAPTER 7 |
| | : | |
| Debtor. | : | |
| _____/ | | |

### STIPULATION TO COMPROMISE CONTROVERSY REGARDING VALUATION AND REPURCHASE OF DEBTOR'S NON EXEMPT ASSETS

This Stipulation is entered into between Robert A. Angueira (the "*Trustee*"), and Lisandra G. Barzaga (the "*Debtor*"), on this 20th day of April, 2016.

WHEREAS, the Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code on December 31, 2015 (the "*Petition Date*");

WHEREAS, Robert A. Angueira is the duly appointed Chapter 7 Trustee;

WHEREAS, on Schedule A/B, Part 3m Line 6, the Debtor listed Household Goods and Furnishings with an aggregate value of $2,500.00 (the "*Household Goods and Furnishings*"), and the Trustee believes these asset are under-valued by approximately $6,000.00;

WHEREAS, the Debtor received a Federal Income Tax Refund for tax year 2015 of $6,053.00 which includes the period through the Petition Date (the "*Refund*");

WHEREAS, the Household Goods and Furnishings and the Refund shall be collectively referred to as the "*Property*;"

WHEREAS, the Debtor has claimed a portion of the Property as exempt;

WHEREAS, the Trustee filed an Objection to Debtor's Claim of Exemptions ("*Objection to Claimed Exemptions*") on March 25, 2016 [D.E. #41];

WHEREAS, the Trustee filed a Motion for Turnover of Property (Pro-Rated Portion of



2015 Income Tax Refund) ("*Motion for Turnover*") on March 25, 2016 [D.E. #43];

WHEREAS, based on the testimony during the §341 Meeting of Creditors, the Rule 2004 Examination of the Debtor, a review of the documents provided to the Trustee and other relevant information, the Trustee asserts that a portion of the Property may be undervalued and in excess of the allowed exemptions;

WHEREAS, the Debtor denies and/or disputes some of the allegations noted above;

WHEREAS, in an effort to avoid the high cost and uncertainties of litigation, the parties desire to settle all the matters in this case; and

WHEREAS, the parties desire to set forth herein the terms and conditions of their settlement;

NOW, THEREFORE, in consideration of the mutual promises of the parties contained herein, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by the parties, the parties agree to the following:

1. The Debtor will pay the Trustee a total sum of $6,000.00 to be paid in twelve (12) equal monthly payments of $500.00 to be made on the 18th day of each month starting on May 18, 2016 and ending on April 18, 2017.

2. The payments will be by cashier's check or money orders made payable to the order of Robert A. Angueira, Trustee and mailed to the Trustee's office at: 6495 S.W. 24th Street, Miami, Fl. 33155. Each cashier's check or money order should clearly state the name of the Debtor and the case number.

3. As part of this Settlement, the Debtor agrees that the Trustee may file an Agreed Motion to extend the deadline to Object to Discharge to ensure that this Settlement is approved before such deadline expires.

Case No.: 15-32335-AJC

4.As part of this Settlement, the Trustee will prepare and submit an Agreed Order denying the pending Objection to Claim of Exemptions [D.E. #41] as Moot.

5.As part of this Settlement, the Trustee will prepare and submit an Agreed Order denying the pending Motion for Turnover [D.E. #43] as Moot.

6.As part of this Settlement, the Debtor represents and warrants that: (1) all information contained in the Debtor's Bankruptcy Petition, Schedules, SOFA, and all amendments thereto (collectively, the "Pleadings"), is true and correct, (2) the Pleadings contain no misrepresentations or omissions, (3) all information and documentation provided to the Trustee (collectively, the "Documents"), are true and correct and (4) the Documents contain no misrepresentations or omissions. To the extent that the Debtor has failed to disclose any assets, this Stipulation shall not affect the Estate's right to seek turnover of such assets or to avail itself of the remedies provided under the Bankruptcy Code.

7.If the Debtor complies with all the terms of this Stipulation, she will keep all the real and personal property listed on the Bankruptcy Schedules unless it was her intent to surrender such property.

8.If the Debtor complies with all the terms of this Stipulation, the Trustee will not seek turnover of the above referenced Property.

9.If the Debtor complies with all the terms of this Stipulation, the Trustee will not object to the granting of a discharge to the Debtor.

10.If the Debtor complies with all the terms of this Stipulation, the Trustee will not pursue any of the potential preference actions that may exist in this case.

11.This Stipulation resolves all issues between the Trustee, and Debtor regarding Debtor's over-exempt assets, claimed exemptions and any insiders and third parties for alleged

preferential or fraudulent transfers and is a global settlement of all matters between the parties.

12.  If the Debtor fails to timely make any of the payments described in paragraph 1, then after ten (10) days written notice faxed or mailed to the Debtor and the Debtor's counsel, the Trustee would be entitled to file a Motion and request a hearing seeking to revoke the Debtor's bankruptcy discharge without any objections from the Debtor.

13.  In the event that the Debtor fails to comply with all the terms of this Stipulation, or should any of the Debtor's representations and warranties contained herein be untrue, then the Trustee may proceed against any and all assets of the Debtor including, but not limited to, the Property the Debtor has claimed as exempt for the remainder of the amount due and owing as set forth herein. In addition, the Trustee shall be entitled to interest, which shall accrue at 5% rate, attorneys' fees and costs. Pursuant to the terms stated herein, and the provisions of 11 U.S.C. §727(a)(10), the Debtor agrees to waive any procedural requirements prior to the entry of an order revoking discharge. However, the Debtor's discharge will not be revoked without a hearing.

14.  This Stipulation represents the entire understanding and agreement between the parties hereto with respect to the subject matter hereof and cannot be amended, supplemented or modified except by an instrument in writing signed by the party or parties against whom enforcement of any amendment, supplement or modification is sought. A waiver by a party of any breach of any provision of this stipulation shall not be construed to be a waiver by any such party of any succeeding breach of such provision or a waiver by such party of any breach of any other provision.

15.  The Trustee has accepted this settlement subject to this Court's approval.

16.  All parties are represented by counsel or have the opportunity to be represented

Case No.: 15-32335-AJC

by counsel and all parties have had an opportunity to seek advice from counsel prior to executing this stipulation.

17. Time is of the essence as to all deadlines within this stipulation.

18. This agreement represents the full and complete understanding of the parties.

19. The Trustee believes that this agreement is in the best interest of the estate.

20. This agreement may be signed in counterparts.

21. The Bankruptcy Court will retain jurisdiction to enforce the terms of this settlement.

_____    04-25-2016
LISANDRA G. BARZAGA                 DATE
DEBTOR

_____    4/25/16
ROBERT A. ANGUEIRA                  DATE
TRUSTEE

5

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
(MIAMI, DIVISION)

In re:                                          :         CASE NO.: 15-32335-AJC
                                                :
LISANDRA G. BARZAGA,                            :         CHAPTER 7
                                                :
    Debtor.                                     :
_____/

### ORDER GRANTING TRUSTEE'S MOTION TO APPROVE STIPULATION TO COMPROMISE CONTROVERSY

THIS MATTER came before the Court on _____, 2016 at _____ A.M./P.M. to consider the Chapter 7 Trustee's Motion to Approve Stipulation to Compromise Controversy (C.P. #____) (hereinafter "the Motion"), on notice to all interested parties and creditors, pursuant to the Federal Rules of Bankruptcy Procedure and the Local Rules of this Court, and the Court, having reviewed the file, the Motion and the argument of Trustee's Counsel's, good cause having been shown, and being otherwise duly advised in the premises, does hereby

**ORDERED AND ADJUDGED** that:

1. The Motion is **GRANTED** and the settlement is **APPROVED.**

2. The Debtor will pay the Trustee a total sum of $6,000.00 to be paid in twelve (12) equal monthly payments of $500.00 to be made on the 18th day of each month starting on May 18, 2016 and ending on April 18, 2017.

3. The payments will be by cashier's check or money orders made payable to the order of Robert A. Angueira, Trustee and mailed to the Trustee's office at: 6495 S.W. 24th Street, Miami, Fl. 33155. Each cashier's check or money order should clearly state the name of the Debtor and the case number.

4. As part of this Settlement, the Debtor agrees that the Trustee may file an Agreed



Motion to extend the deadline to Object to Discharge to ensure that this Settlement is approved before such deadline expires.

5.  As part of this Settlement, the Trustee will prepare and submit an Agreed Order denying the pending Objection to Claim of Exemptions [D.E. #41] as Moot.

6.  As part of this Settlement, the Trustee will prepare and submit an Agreed Order denying the pending Motion for Turnover [D.E. #43] as Moot.

7.  As part of this Settlement, the Debtor represents and warrants that: (1) all information contained in the Debtor's Bankruptcy Petition, Schedules, SOFA, and all amendments thereto (collectively, the "Pleadings"), is true and correct, (2) the Pleadings contain no misrepresentations or omissions, (3) all information and documentation provided to the Trustee (collectively, the "Documents"), are true and correct and (4) the Documents contain no misrepresentations or omissions.  To the extent that the Debtor has failed to disclose any assets, this Stipulation shall not affect the Estate's right to seek turnover of such assets or to avail itself of the remedies provided under the Bankruptcy Code.

8.  If the Debtor complies with all the terms of this Stipulation, she will keep all the real and personal property listed on the Bankruptcy Schedules unless it was her intent to surrender such property.

9.  If the Debtor complies with all the terms of this Stipulation, the Trustee will not seek turnover of the above referenced Property.

10. If the Debtor complies with all the terms of this Stipulation, the Trustee will not object to the granting of a discharge to the Debtor.

11. If the Debtor complies with all the terms of this Stipulation, the Trustee will not pursue any of the potential preference actions that may exist in this case.

2

12.     This Stipulation resolves all issues between the Trustee, and Debtor regarding Debtor's over-exempt assets, claimed exemptions and any insiders and third parties for alleged preferential or fraudulent transfers and is a global settlement of all matters between the parties.

13.     If the Debtor fails to timely make any of the payments described in paragraph 2, then after ten (10) days written notice faxed or mailed to the Debtor and the Debtor's counsel, the Trustee would be entitled to file a Motion and request a hearing seeking to revoke the Debtor's bankruptcy discharge without any objections from the Debtor.

14.     In the event that the Debtor fails to comply with all the terms of this Stipulation, or should any of the Debtor's representations and warranties contained herein be untrue, then the Trustee may proceed against any and all assets of the Debtor including, but not limited to, the Property the Debtor has claimed as exempt for the remainder of the amount due and owing as set forth herein. In addition, the Trustee shall be entitled to interest, which shall accrue at 5% rate, attorneys' fees and costs. Pursuant to the terms stated herein, and the provisions of 11 U.S.C. §727(a)(10), the Debtor agrees to waive any procedural requirements prior to the entry of an order revoking discharge. However, the Debtor's discharge will not be revoked without a hearing.

15.     The settlement proceeds of $6,000.00 are allocated as follows:

- $3,000.00     (attributable to the Household Goods and Furnishings); and

- $3,000.00     (attributable to the 2015 Federal Income Tax refund).

16.     The Court retains jurisdiction to enforce the terms of this settlement.

###

Submitted by

ROBERT A. ANGUEIRA, P.A.
6495 S.W. 24th Street
Miami, FL 33155
Tel. 305-263-3328
Fax 305-263-6335
e-mail   yanay@rabankruptcy.com

Copies furnished to:
Yanay Galban, Esq.

*(Attorney Yanay Galban is directed to serve copies of this Order upon the Debtor, the Trustee, the Attorney for the Debtor, the U.S. Trustee, and all parties who have entered an appearance in this case, upon receipt thereof, and to file a Certificate of Service with the Court confirming such service.)*

4

Case No.: 15-32335-AJC

## CERTIFICATE OF SERVICE

I CERTIFY that a true and correct copy of the foregoing was served by U.S. mail on this 26 day of April, 2016, to all parties on the enclosed mailing matrix.

I CERTIFY that a true and correct copy of the foregoing was served via the Notice of Electronic Filing on this 26 day of April, 2016, to:

- Robert A Angueira    trustee@rabankruptcy.com, fl79@ecfcbis.com, tassistant@rabankruptcy.com, lisa@rabankruptcy.com, lillian@rabankruptcy.com
- Office of the US Trustee    USTPRegion21.MM.ECF@usdoj.gov
- Yanay Galban yanay@rabankruptcy.com, robert@rabankruptcy.com

                        ROBERT A. ANGUEIRA, P.A.
                        6495 S.W. 24th Street
                        Miami, Florida 33155
                        Tel. (305) 263-3328
                        Fax (305) 263-6335
                        e-mail yanay@rabankruptcy.com

                        By /s/ _____
                        YANAY GALBAN
                        Florida Bar No. 0105146

6

Case 15-32335-AJC

American Express
POB 650448
Dallas, TX 75265-0448

Auto National Finc
6150 Omni Park Dr
Mobile, AL 36609-5195

Capital One
POB 71083
Charlotte, NC 28272-1083

(p)AMERICAN HONDA FINANCE
P O BOX 168088
IRVING TX 75016-8088

Macy's
P.O. BOX 8218
Mason, OH 45040-8218

Preferred Credit
3051 2nd Street South #200
POB 1970
Saint Cloud, MN 56302-1970

TJMaxx
POB 530948
Atlanta, GA 30353-0948

Toys R Us
POB 530939
Atlanta, GA 30353-0939

Victoria's Secret
POB 659728
San Antonio, TX 78265-9728

Lisandra G Barzaga
9540 NW 26th Avenue
Miami, FL 33147-2412

Martin Claire
Martin Claire & Co LLC
7001 NW 84 Ave
Miami, FL 33166-2620




